Submitted on remand from the Oregon Supreme Court September 18, 1998, affirmed August 25, 1999

# STATE OF OREGON,
*Respondent,*

*v.*

# ADRIAN KENNETH LAYMAN,
*Appellant.*

## (10-94-07580; CA A87593)

986 P2d 624

Sally L. Avera, Public Defender, and James N. Varner, Deputy Public Defender, for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, for respondent.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

ARMSTRONG, J.

---

* Deits, C. J., *vice* Warren, P. J., retired.

## ARMSTRONG, J.

The Supreme Court vacated and remanded our decision in this case for reconsideration in light of *State v. Boone*, 327 Or 307, 959 P2d 76 (1998). On remand, we affirm.

Defendant challenged the trial court's denial of his motion to suppress evidence discovered during an inventory of his possessions on his incarceration at the Lane County Jail. The facts bearing on that challenge are set out in our original opinion. *State v. Layman*, 147 Or App 225, 935 P2d 1216 (1997). Defendant argued that the policy under which the jail officials had conducted the inventory had not been authorized by appropriate governmental officials. Relying on our decision in *State v. Cook*, 136 Or App 525, 901 P2d 911, *rev'd* 327 Or 316 (1998), among others, we agreed with defendant and reversed the trial court.

At issue in both *Boone* and *Cook* were city ordinances that authorized the police to impound vehicles for various purposes. The ordinances did not expressly authorize the police to conduct inventories of the impounded vehicles and their contents, but the police in both cases had done so pursuant to inventory policies that they had adopted. We held in both cases that the inventories were invalid because the ordinances had not expressly authorized the police to conduct them. The Supreme Court reversed us in both cases, holding that the grant of authority to the police to impound the vehicles implied a grant of authority to them to conduct an inventory. Further, the implied authority to conduct the inventories included authority for the police to adopt policies to govern the conduct of the authorized inventories. Those policies had to comply with the constitutional requirements for inventories specified in *State v. Atkinson*, 298 Or 1, 688 P2d 832 (1984), but they did not, themselves, have to be approved by the city councils that had adopted the impoundment ordinances.

Here, defendant's challenge to the inventory is based solely on the contention that the authority to conduct inventories at the Lane County Jail and to establish the inventory policy used at the jail had to come from the Lane County Commission or the Oregon Legislature and that the state had

failed to establish that either body had given the necessary authorization. Defendant is correct that the state did not establish that either body had expressly authorized the jail officials to conduct inventories or to adopt an inventory policy. However, consistent with the Supreme Court's decision in *Boone*, the authority to do that is implied from the decision by the Lane County Commission to establish a jail. The decision to authorize the police to take custody of people and to hold them in a jail includes an implied grant of authority to the police to control the personal property that is taken by prisoners into the jail and to account for property that is held by the police pending its return to the prisoners or other disposition. That authority includes the authority to conduct an inventory and to adopt a policy by which to conduct it. Hence, appropriate governmental officials had authorized the police to conduct the challenged inventory.

Defendant does not contend that the inventory policy for the Lane County Jail failed to comply with the other requirements specified in *Atkinson* for a valid inventory, that the police failed to adhere to the policy in conducting the inventory, or that the inventory otherwise violated constitutional limits. Consequently, the trial court did not err in denying defendant's motion to suppress.

Affirmed.