Argued and submitted October 7, 1998, affirmed September 22, 1999

## STATE OF OREGON,
*Respondent,*

*v.*

## HERBERT ALLEN KETELSON,
*Appellant.*

(970747005; CA A101049)

986 P2d 1202

Garrett A. Richardson argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant appeals the denial of his motion to suppress evidence found during an inventory at the Hooper Detoxification Center. We affirm.

The police took defendant into custody pursuant to ORS 430.399(1) because he was intoxicated in a public place. They then took him to the Hooper Detoxification Center. On his arrival at the center, defendant's clothes and shoes were removed pursuant to the facility's inventory policy. A knife was found in defendant's boot, which led to a charge against him for carrying a concealed weapon. ORS 166.240(1). Defendant moved to suppress the evidence of the knife, which motion the court denied. The court then convicted him of the charged offense after a trial on stipulated facts.

Defendant contends on appeal that the personnel at the detoxification center conducted an unlawful inventory because a politically accountable body had not given them express authority to conduct the inventory. He principally relies on our decision in *State v. Layman*, 147 Or App 225, 935 P2d 1216 (1997), *vac'd & rem'd* 327 Or 447 (1998), as support for his argument.

We held on remand in *Layman*, 162 Or App 386, 389, 986 P2d 624 (1999), that the authority to conduct an inventory at a jail and to adopt policies by which to conduct such an inventory can be implied from the decision by a politically accountable body to establish the jail. We believe that the same principle applies to a detoxification center. *See* ORS 430.399(2). The decision to establish such a facility and to authorize those charged with operating it to hold and treat intoxicated people includes an implied grant of authority to control the personal property that is brought by patients into the facility and to account for that property pending its return to the patients or other disposition. That authority includes the authority to conduct an inventory and to adopt policies by which to conduct it. Hence, a politically accountable body authorized the personnel at the detoxification center to conduct the challenged inventory.

Defendant does not contend that the inventory policy for the center failed to comply with the other requirements for such a policy specified in *State v. Atkinson*, 298 Or 1, 688 P2d 832 (1984), or that the center personnel failed to adhere to the policy in conducting the inventory. Consequently, the trial court did not err in denying defendant's motion to suppress.

Affirmed.